Curia, per Savage, Ch. J.
The plaintiffs and defendants own mills on the same stream; the former about 3-4 of a mile above the latter. The defendants’ dam and mills "x'were built in 1797, and repaired in 1806 and 1816. The plaintiffs’ dam and mills were built in 1809. They allege that in 1816, the defendants raised their dam, so as to flow the water back upon the plaintiffs’ water-wheel. The proof was very contradictory, and much of it very positive. The jury have decided upon the force of it; and they are supported in their decision. The plaintiffs’ witnesses testify to the effect, of the repairs in 1816, upon natural and fixed objects. A certain spring of water was never overflowed by the defendants’ pond before; but it has been, since the repairs. So, too, the plaintiffs’ water-wheel was never flooded before; but has. been since. The defendants’’testimony is very full that the dam was not raised. The fact undoubtedly is, that the water flows back father than- it did when the plaintiffs built their dam and mills.
The defendants complain that the judge improperly received the evidence of Burdick, the miller. He received half the toll of the plaintiffs’ grist-mill, as compensation for attending the mill. But that gave him no right to what might be recovered in this suit.
Jonah Stiles, too, the father of the plaintiffs, was objected to as incompetent. He built the mill and gave it to the *267 plaintiffs; but had not conveyed it. He could not claim, however, any part of the damages to be recovered, Neither he nor Burdick, the miller, had any direct interest; though the circumstances mentioned, went to their credit; not to their competency. [1]
The judge was requested to charge the jury, that if the defendants’ dam had not been raised for 20 years previous to the suit; and the defendants had enjoyed it at that height, the plaintiffs could not sustain their action. The judge declined charging in that way ; but told the jury that the plaintiffs did not claim any damage previous to 1816 ; but complained that the defendants had raised, or so altered it, that the water set up further than it did before. And if they were satisfied that the defendants had so raised the water in 1816, to the prejudice of the plaintiffs, they were entitled to recover. If not, they ought to find for the defendants.
«The difference between the judge and the counsel is this: the judge did not deny that the exclusive enjoyment of the water for 20 years, was a good bar to the plaintiffs’ claim; but he required that such enjoyment should be proved; whereas, the defendants’ counsel placed their right upon the height of their dam. The dam may have been equally high; but if, by sluices or waste weirs, the water was suffered to pass, so that the injury was not done to the plaintiffs’ mills for 20 years, they had no right of action, and their acquiescence in the height of the defendants’ dam, cannot be urged against them. To allow the defendants, after 20 years, to raise the water, when they never had raised it before, would be a violation of the principle upon which they claim. . A grant is presumed from 20 years uninterrupted use of water at a certain height. And if for 20 years, the defendants have raised their water but 5 feet; and afterwards they raise it 6 feet, by the same dam; and the *268 additional foot injures the plaintiffs, they are entitled to f ’. J - . damages. The judge was right. It is not the height of the dam, but of the water which does the injury.
The only remaining .objection is, that the plaintiffs cannot complain, because their dam and mills are a nuisance, as being built upon a stream declared by statute to be a public, highway. The answer is, that the question of pub-, lie nuisance is not inquirable of in this collateral way. If the dam be a nuisance, there is a mode of abating it; but that is not a defence in this -suit. (3 Caines, 315; per Thompson, Justice, id. 319, per Kent, C. J.)
New trial denied.

 The New York Code provides that no person offered as a witness shall be excluded, by reason of his interest in the event of the action. But neither parties to the action, nor persons for whose immediate benefit it is prosecuted or defended are included in this provision. Code of 1851, sects. 398, 399.