[No. 18258.—Department Two.    September 25, 1894.]

# R. T. OWEN, Respondent, v. O. J. MEADE, Appellant.

Pleading—Action for Services—Allegation of Unconditional Agree-
    ment—Proof of Contingency.—Under a complaint alleging an un-
    conditional agreement to pay a certain sum of money for the plaintiff's
    services as an attorney, and that the services were reasonably worth
    such sum, evidence of an agreement to pay that amount on a contin-
    gency and the happening of the contingency is inadmissible, as is also
    evidence as to the reasonableness of the contingent agreement.

Assignment—Balance of Account—Defective Written Assignment.—
    In an action by an assignee to recover a balance of an account, parol
    evidence is admissible to show that a written assignment of the claim
    sued on, which omitted to name any assignee, was intended to effect the
    assignment to the plaintiff, and that the assignor had in fact made a
    parol assignment to him, and that the omission of his name from the
    writing was unintentional.

Appeal from a judgment of the Superior Court of
Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Stanton L. Carter*, for Appellant.

*W. D. Grady*, and *James Gallagher*, for Respondent.

DE HAVEN, J.—The plaintiff sues as the assignee of one Grady to recover the sum of $950, balance alleged to be due for professional services rendered by the said Grady in the prosecution of a certain action brought by the defendant against the county of Fresno. The complaint, which is unverified, alleges that the defendant expressly agreed to pay to said Grady for such services the sum of $1,000, and also alleges that the services so rendered by Grady were reasonably worth the sum of $1,000. The answer contains a general denial, and in addition sets out a separate defense in which it is alleged "that the only services rendered by said W. D. Grady were done and performed under and upon a special contract and agreement with said Grady that he, said Grady, would do and perform the service to be rendered and performed under said agreement for the sum of $50," and that Grady was paid said sum before the alleged assignment to plaintiff. The action was tried by a jury, and the plaintiff recovered judgment in the superior court for the full amount demanded in the complaint; and from this judgment and order denying his motion for a new trial the defendant appeals.

1. Grady, the assignor of plaintiff, was a witness upon the trial, and testified in substance that he acted as the attorney for defendant in the action of *Meade v. County of Fresno*, under an agreement by which he was to receive for such services what is known among lawyers as a contingent fee. In the action referred to there was involved, among other matters, a question as to the right of the defendant here to recover, upon his original demand, interest, amounting to about $1,800, and the witness, Grady, stated the following as the contract between himself and defendant in relation to the compensation he was to receive as attorney for the latter in

that action: "I says, if I recover this interest it will more than pay my fee, and save you that much money. The interest would be about $1,800. I will charge you a $1,000 out of that, and, if I don't recover it I shall charge you ten per cent of what I do recover; and if I recover nothing I will charge you nothing"; and, referring to the amount of labor performed by him in that case, the witness further stated: "I think I gave it more attention considering that my fee was to be contingent, a good one, and depended entirely upon what I recovered."

The defendant moved to strike out this testimony in relation to the contingent fee, upon the ground that there was no such issue in the case, the complaint alleging that plaintiff's assignor was to receive $1,000 for his services, without any reference to the result of the action in which they were rendered. The motion was denied by the court, and the court also instructed the jury to the effect that if they found "that it was agreed by and between the defendant and Grady that, in case said Grady recovered the full amount of said claim (referring to the claim of defendant against Fresno county), with interest thereon, then the defendant would pay him $1,000, and further find said Grady did in every respect fulfill the terms of the agreement on his part, and did recover, and the defendant did receive, the full amount of said claim with interest, then you must find for plaintiff in the sum of $950." In refusing defendant's motion to strike out the testimony above referred to, and in giving the instruction just quoted, the court erred. There is a fatal variance between the contract testified to by the witness, Grady, and hypothetically stated to the jury in the charge of the court, and the contract alleged in the complaint. The contract alleged is that of an unconditional promise upon the part of defendant to pay to the assignor of plaintiff the sum of $1,000 for his services as an attorney in the prosecution of the action referred to in the complaint, while the evidence which the court held was relevant and suffi-

cient, if believed, to warrant the jury in finding that
the defendant made the alleged contract, was to the
effect that the promise of defendant to pay was not un-
conditional, but contingent. There is a wide and essen-
tial difference between the two contracts, and proof of
one will not support a finding that the other was made.
The plaintiff's allegation of an absolute promise was
not sustained by proof of the contingent promise, and
evidence in relation to such contingent promise was not
relevant to the issues made by the pleadings. (*Lower*
v. *Winters*, 7 Cow. 263.) In the case just cited it was
said: "The contract proved is also essentially different
from that declared on. The declaration states the prom-
ise on the part of the defendant to have been absolute
and unconditional. The promise proved was to give
$100 for the improvements if he obtained a contract
from the landlord. If he failed in obtaining a contract,
he was not bound by his promise to the plaintiff. That
was the express condition upon which it was made. It
is true the plaintiff proved upon the trial that the de-
fendant had obtained a contract from Pierpont, but the
fact of proving it shows its materiality, and that it ought
to have been averred. The plaintiff has recovered on
a contract entirely different from that on which he
declared. The objection was taken below, and should
have been sustained."

The case of *Lower* v. *Winters*, 7 Cow. 263, was decided
under the common-law system of practice, but, as was
said by Rhodes, J., in delivering the opinion of this
court in *Stout* v. *Coffin*, 28 Cal. 65: "The rule that the
*probata* must correspond with the *allegata* is not abro-
gated by the practice act. . . . . The consequences of a
variance between the averments in a pleading and the
proof are the same under our system of practice as at
common law, except that they may be to a great extent
obviated by amendments to the pleadings, which are
allowed with great liberality." As instances of the
strictness with which the rule requiring the proof to
correspond with the allegations is enforced the follow-

ing cases may be cited: *Tomlinson* v. *Monroe*, 41 Cal. 94; *Johnson* v. *Moss*, 45 Cal. 515; *Mondran* v. *Goux*, 51 Cal. 151.

2. The court also erred in permitting the witness, Terry, to give evidence in relation to the reasonableness of the contingent fee testified to by the witness, Grady. There was no issue in the case as to the reasonableness of such a fee, and the admission of this evidence was clearly prejudicial to the defendant. (See upon this point, *Ellis* v. *Woodburn*, 89 Cal. 129.)

3. The written assignment of the claim sued on omitted to name the plaintiff as the assignee, or to name any assignee, and parol evidence was admitted showing that such omission was unintentional, and that Grady in fact made an oral agreement assigning such claim to plaintiff, and that the writing produced at the trial was intended to effect such assignment. This evidence was objected to by defendant, but we think was properly admitted; and when the plaintiff offered to have the writing amended then and there by his assignor, so as to conform to the intention of the parties thereto, if the court had permitted such correction it is not perceived that any substantial right of the defendant would have been thereby affected.

We deem it unnecessary to pass upon the other points urged by appellant.

Judgment and order reversed.

McFARLAND, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.