[S. F. No. 247.    Department Two.—November 24, 1896.]

## M. C. CHAPMAN, RESPONDENT, v. MARY A. NEARY ET AL., APPELLANTS.

ACTION FOR ATTORNEY'S FEES— RECOVERY BY PLAINTIFF — FINDING FOR DEFENDANT AS TO PART OF FEE. — In an action for attorney's fees, where plaintiff recovered a less sum than the amount claimed, the fact that the complaint averred an agreement for the sum of three thousand dollars, to be paid in three payments, each of which was agreed to be one thousand dollars, while the answer denied such agreement, and averred that the plaintiff was to have only seven hundred and fifty dollars in full for his services, a finding by the court that plaintiff's first payment was to be only seven hundred and fifty dollars, and that additional payments of one thousand dollars each were agreed upon, is not ground for reversal, but is within the issues raised. ·

ID.—CONFLICTING EVIDENCE—REVIEW UPON APPEAL.— Where there is a clear conflict of evidence upon the issues, and the record discloses evidence tending to support the findings, the judgment cannot be reversed for insufficiency of the evidence to sustain the findings.

ID.—NONSUIT—PRIMA FACIE CASE.—A motion for nonsuit should be denied when the plaintiff has made out a *prima facie* case, and there is no material variance between the averments and the proofs.

ID.—EVIDENCE—CONVERSATIONS IN ABSENCE OF PLAINTIFF.—Evidence of transactions and conversations between the defendant and his attorney in the absence and without the knowledge of the plaintiff, is inadmissible against the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    D. J. MURPHY, Judge.

The facts are stated in the opinion.

*Henry E. Highton,* for Appellant.

*Young & Powers, W. W. Foote,* and *W. R. Davis,* for Respondent.

BELCHER, C.—This is an action to recover for professional services, alleged to have been rendered by the plaintiff, as an attorney at law, for the defendant, Mary A. Neary. The court below found the facts, and gave judgment in favor of the plaintiff, from which and from an order denying a new trial defendants appeal.

The action in which the services are alleged to have

been rendered was commenced March 30, 1888, in the superior court of Alameda county, by the defendant herein, Mary A. Neary, then Mary A. Godfrey, to obtain a divorce from her husband. George Godfrey. The defendant in the action denied the plaintiff's right to a divorce, and filed a cross-complaint, asking that a divorce be granted to him. The trial of the cause was commenced September 25th, and concluded October 29, 1888, and it consumed just nineteen days of the intervening time.

On November 30, 1888, the court announced from the bench that the plaintiff had failed to make out her case, and the defendant had made out a case on his cross-complaint, and thereafter, on January 9, 1889, it made and entered its judgment and decree granting to the defendant and cross-complainant a divorce from the plaintiff in said cause. The plaintiff moved for a new trial on a statement of the case, and her motion was denied April 15, 1889. Thereupon she appealed from the judgment and order. The appeal from the judgment was dismissed at the request of the appellant on June 21, 1889, and the appeal from order refusing a new trial was dismissed, upon like request, on August 24, 1891. On the next day after the appeal from the judgment was dismissed, June 22, 1889, the appellant, Mrs. Godfrey, was married to her codefendant here, Nicholas E. Neary.

It is averred in the complaint in this case that the plaintiff was an attorney and counselor at law, and as such was engaged and retained by the plaintiff in the divorce case at the time the action was commenced; that he continued to render services as such attorney for the plaintiff in that action, without any specific agreement or contract as to his compensation therefor, until some time in November, 1888, when he and Mrs. Neary, then Mrs. Godfrey, entered into an agreement that in consideration that he would continue to render professional services for her in said action she would pay him for his services one thousand dollars down, one thousand dollars more when the motion for new

trial should be decided by the superior court, and one thousand more when the cause should be finally disposed of in the supreme court; that after the making of said agreement, and pursuant thereto, plaintiff continued to render valuable professional services to and for the plaintiff in said action until August 24, 1891, when said cause was finally disposed of in and by the supreme court; that under and according to said agreement there became due and payable to the plaintiff at once the sum of one thousand dollars, of which only seven hundred and fifty dollars was paid, and on April 15, 1889, when the motion for new trial was denied, there became immediately due and payable to plaintiff the further sum of one thousand dollars, and on August 24, 1891, when the appeal was finally dismissed in the supreme court, there became due and payable the further sum of one thousand dollars, no part of which sums had ever been paid. Wherefore judgment was asked for the sum of two thousand two hundred and fifty dollars, with interest.

The answer of Mrs. Neary denies that she made the specific agreement, or any agreement with the plaintiff, as alleged in the complaint, and avers that after the motion for new trial in the divorce case was denied she and the plaintiff agreed that he should receive, in full compensation for his services theretofore rendered in said cause, the sum of seven hundred and fifty dollars,. and that no further services should be rendered by him; that the said sum of seven hundred and fifty dollars was. paid by her to plaintiff, and was by him then and there accepted as a full compensation for all his services rendered in said cause, and that the relation of attorney and client between the said parties was then and there dissolved, and no further services were ever rendered by plaintiff in said cause.

The court below found that Mrs. Neary agreed to pay the plaintiff for his services in the trial of the case of *Godfrey* v. *Godfrey*, from the commencement to the conclusion thereof in the superior court the sum of seven

hundred and fifty dollars, and that she had paid him that sum and no more. It also found that on or about the thirtieth day of October, 1888, after the trial of the case was concluded, and before the motion for a new trial had been disposed of, plaintiff and Mrs. Godfrey entered into an agreement whereby, in consideration that he would continue to render his professional services in said action, on motion for a new trial, and on appeal to the supreme court, she was to pay him for such services the further sum of two thousand dollars, in addition to the seven hundred and fifty dollars to be paid for the trial of the case in the superior court, the payments to be made as follows: One thousand when the motion for new trial should be decided, and the other thousand on the final disposition of the appeal; that under and in pursuance of said agreement plaintiff did continue to render further and valuable professional services in said action on motion for new trial, and on appeal to the supreme court up to and including August 24, 1891, when said action was finally decided by the dismissal of the appeal on account of the remarriage of the plaintiff therein; that by reason of the dismissal of the appeal plaintiff was not required to render as much service on the appeal as was contemplated when the agreement was made, and that the reasonable and fair value of all his services was the sum of twelve hundred and fifty dollars, in addition to the seven hundred and fifty dollars already paid; and for that sum, with interest thereon, judgment was entered.

The case is very ably and elaborately argued by counsel upon both sides, but, in view of the conclusion reached, we deem it necessary to notice only a few of the points made.

1. The fact that the complaint avers that, under the agreement between the parties, the first payment to the plaintiff was to be one thousand dollars, while the court found that it was to be only seven hundred and fifty dollars, is no ground for a reversal. It was a disputable question as to what the amount of that payment was to

be, and the finding was within the issues raised and was justified by the evidence.

2. There was a clear conflict of evidence upon many of the issues presented, but it would subserve no useful purpose to set the evidence out. After a careful inspection of the record we think there was evidence tending to support each of the findings, and the judgment cannot therefore be reversed on this ground.

3. There was no error in denying the defendant's motion for nonsuit. When the motion was made the plaintiff had made out a *prima facie* case, and there was no material variance between the averments and the proofs. The case of *Owen* v. *Meade*, 104 Cal. 179, cited by appellants, is not in point.

4. The point that the court erred in sustaining objections to certain questions propounded to Mrs. Neary and Mr. Davidson, one of her attorneys in the divorce case, cannot be sustained. The questions related to transactions and conversations between Mrs. Neary and Mr. Davidson in the absence and without the knowledge of the plaintiff, and under no circumstances could the plaintiff's rights be affected by the evidence sought to be elicited. It was therefore clearly inadmissible under any known rule of law.

We advise that the judgment and order appealed from be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.