[Sac. No. 1857.   Department One. — October 26, 1901.]

E. C. LYLES, Respondent, v. E. B. PERRIN, Appellant.

DEED OF GRANT — PREVIOUS CONVEYANCE OF WATER RIGHT — BREACH OF
    IMPLIED COVENANT — DAMAGES. — A deed of grant, expressly granting
    a water right as an appurtenance to the land conveyed, implies a
    covenant against a previous conveyance thereof; and where such
    water right was appurtenant to the land, when the negotiations for
    purchase thereof were begun by the grantee, and was conveyed to a
    third person, prior to such deed of grant, the purchaser is entitled to
    recover from his grantor the value of the water right, as damages
    for the breach of such implied covenant.

ID. — PLEADING — EVIDENCE OF DEED — IMMATERIAL VARIANCE — DE-
    FECT SUPPLIED BY ANSWER. — A variance between the complaint
    and the evidence, as to the deed, is immaterial, if it could not have
    prejudiced the defendant.   Where it appears that the defect in the
    complaint was supplied by the express allegations of the answer,
    and that the defendant offered the deed in evidence, he could not
    be prejudiced by its admission.

APPEAL from a judgment of the Superior Court of Fresno
County and from an order denying a new trial.   E. W. Risley,
Judge.

The facts are stated in the opinion.

M. K. Harris, for Appellant.

Harris & Hubbard, for Respondent.

SMITH, C. — The plaintiff recovered judgment for the sum
of five hundred dollars, the value of a water right appurtenant
to land purchased by him from the defendant, and conveyed
away by the latter before the execution of the deed.   The
defendant appeals from the judgment and from the order
denying his motion for a new trial.

The contract for the purchase of the land was made between
the plaintiff and defendant, May 8, 1894, at which time the
water right in question was appurtenant to and part of the
land purchased.   The form of the contract was an escrow
deed to one Bryan, son-in-law of the plaintiff, and an accom-
panying agreement signed by the defendant, acknowledging
the receipt of twelve hundred dollars from Bryan, and directing
the delivery of the deed to him upon the payment of the
CXXXIV. Cal.— 27

balance of the purchase-money; but, as understood by both parties, Bryan was merely a nominal party, and the deed and agreement were taken in his name for the convenience and for the use of the plaintiff. The escrow deed was afterwards destroyed, and, October 16, 1894, the defendant executed to the plaintiff a deed purporting, for the consideration therein named, to grant, bargain, sell, and convey the land described (which was the same that was originally purchased), "together with the water right thereon." But in the mean while, August 30, 1894, the defendant had conveyed the water right to another. The value of the water right was found by the court to be five hundred dollars, — the sum for which judgment was rendered.

It is contended by the appellant that all previous transactions and agreements were merged in the deed finally executed, and that its effect could not be altered by evidence of such transactions or by parol evidence. But, without admitting this contention, it will be sufficient to say that the deed itself grants, expressly, the water right on the land, and that this is clearly identified by the circumstances shown as the right that was appurtenant to the land at the beginning of the negotiations. The case presented is, therefore, simply, that of a previous conveyance of part of the estate the deed purported to grant, which was in contravention of the covenant implied in his deed. (Civ. Code, sec. 1113, subd. 1.) The judgment, on the facts proved and found, was therefore clearly right.

It is claimed that the facts alleged do not altogether correspond with the facts found, and that there is indeed no reference in the complaint to this deed. But the variance, if any, could not have been in any way prejudicial to the defendant, and may therefore be disregarded. (Code Civ. Proc., sec. 469.) In fact, it may be added, this defect was supplied by the express allegations in the answer (*Herd* v. *Tuohy*, 133 Cal. 55), and the deed itself was put in evidence by the defendant.

We advise that the judgment and order appealed from be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.