(158 App. Div. 859.)

### SPRAGUE v. KANES FALLS ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department.  November 12, 1913.)

WATERS AND WATER COURSES (§ 179*)—INJURIES FROM FLOWAGE—INJUNCTION
—JUDGMENT.

In an action to enjoin defendant from raising the water in the outlet of a lake, where it was found that he was entitled to raise it 34 inches from the bottom of the sluiceway in its dam as then constructed, the judgment fixing the height to which the water might be raised, instead of the height at which the dam might be maintained, was proper, since it was the water which worked the damage and the height of the water that ultimately had to be established.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 244–250, 256–259, 263, 264; Dec. Dig. § 179.*]

Appeal from Trial Term, Warren County.

Action by Beecher W. Sprague against the Kanes Falls Electric Company. From a judgment enjoining and restraining defendant from raising the water in the outlet of Glen Lake at its dam more than 34 inches above the floor planks of the sluiceway in its present dam, as at present constructed, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Jenkins & Barker, of Glens Falls, for appellant.
Henry W. Williams, of Glens Falls, for respondent.

HOWARD, J.  It has been found by the trial court that the defendant has acquired a right by adverse possession to maintain a dam at a point where its present dam is situated (there was an old dam) and raise the water in the pond 34 inches above the bottom of the sluiceway in the present dam.  The court has also found that the new dam is 14 inches higher than the old dam.  This is an action brought to enjoin the defendant from raising the water in the pond higher than it has a lawful right to raise it, and the trial court has undertaken to fix the rights of the defendant in this particular by fixing a height to which the water may be raised instead of fixing the height at which the dam may be maintained.  The exact language of the judgment is as follows:

"Ordered and adjudged that the defendant, the Kanes Falls Electric Company, be, and it hereby is, enjoined and restrained from raising the water in the outlet of Glen Lake at its dam more than 34 inches above the floor planks of the sluiceway in its present dam, as at present constructed."

Other questions were litigated, but on this appeal this single question is presented to us for consideration: "Should the court have fixed the height of the dam instead of fixing the height of the water?"

If the conditions are such that the rights of the parties can be fixed by fixing the height of the dam, perhaps that is, as a general rule, the better way; but it is the height of the water that must ultimately, in some manner, be established.  The height of the structure, unless it operates upon the water, does no harm; it is the water which becomes

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a trespasser and works the damage. The territory over which the water may lawfully travel, the nooks and corners into which it may rightfully creep, the surface which it may submerge, are the things to be regulated by the court. If this can be effectively done by establishing the maximum elevation of the dam, well and good; if not, then manifestly it is the water itself, by some other language, whose limits must be measured. This proposition is so apparent and is so well founded in reason that it is not necessary to cite authorities to sustain it, although if authority were necessary the appellant, itself, in its brief, has referred us to them. In Marcly v. Shults, 29 N. Y. 346, it was said:

"The judge charged, in effect, that if the jury believed, from the evidence, that the defendant, at the time the permanent addition was put on, or at any other time, had increased the height of the dam, in a manner to raise the water and flow it back upon the land of the plaintiff to a greater height than it had been for twenty years preceding that time, the defendants were liable; but, if the usual and ordinary height of the water had not been exceeded, the defendants were not liable."

In Baldwin v. Calkins, 10 Wend. 167, the court said:

"Twenty years having expired since the erection of that dam, a grant will be presumed of a right to continue the dam at the height of the original dam, and to raise the water as high as it stood for 20 years. But as to the increased quantity of land covered with water by the dam of 1820, the owners of the dam have no justification."

And in Stiles v. Hooker, 7 Cow. 266, cited by the respondent, the court gets down to the bottom of the subject in this way:

"A grant is presumed from 20 years' uninterrupted use of water at a certain height. And if, for 20 years, the defendants have raised their water but 5 feet, and afterwards they raise it 6 feet, by the same dam, and the additional foot injures the plaintiffs, they are entitled to damages. The judge was right. It is not the height of the dam, but of the water, which does the injury."

It seems to me that it can make but very little difference in what language the injunction is phrased so long as the correct result is attained. In this case the old dam was an earth structure, and, according to the finding of the court, the water was raised, when at its highest, to a point in the old dam equal to 34 inches above the bottom of the sluiceway of the new dam. In times of high water the sluice planks, some of them, would be taken out to prevent the water washing over and destroying this earth dam; so that the water in the old dam was never allowed to rise higher than 34 inches above the bottom of the sluiceway of the new dam. The judgment appealed from does nothing except restrain the defendant from raising the water to a higher point.

It appears that the maximum height at which the water may be maintained has been definitely fixed, not by the character of the dam, but by manipulation of the sluice planks; the fluctuation of the water on account of floods does not, therefore, figure greatly here. The prescriptive high-water mark was not fixed by the dam and the floods, but by the adjustment of the sluice planks. A glance at the pictures introduced in evidence shows that the dam is a rough, crudely built,

uneven structure. Unlike a smooth, level, cement dam, such a structure is not susceptible of exact measurements.

I think the trial justice defined the rights of the parties correctly and in correct language, and that the judgment should be affirmed. All concur.