[Civ. No. 2199. First Appellate District.—February 21, 1918.]

# E. Z. CUNEO, Respondent, v. THOMAS E. DAVIS, Jr., et al., Appellants.

ATTORNEY AND CLIENT—CONTRACT FOR SERVICES IN DEFENDING ACTION —TIME FOR BRINGING SUIT.—Under a contract between an attorney and client providing that if the former defeated a pending action against the latter or prevented recovery, the latter would pay the former for his services the entire amount prayed for in such action, or if a lesser amount should be recovered the difference should be paid, the action is not defeated until the judgment has become final, and an action brought for such services pending an appeal taken in the former action by the defendant is prematurely brought.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

S. W. Molkenbuhr, and Thos. W. Firby, for Appellants.

James H. Boyer, and Frank J. Golden, for Respondent.

BEASLY, J., *pro tem.*—The facts of this case are very simple. For some time previous to the eighth day of September, 1916, James H. Boyer, an attorney at law and the assignor of plaintiff, had represented the appellants in certain litigation, for which, it is claimed by plaintiff, Boyer had not been fully paid. At the last-mentioned date an action was pending between the Pacific Coast Casualty Company and Thomas E. Davis in the superior court of the city and county of San Francisco, and Boyer entered into an agreement with the Davises, defendants herein, by which he undertook to defend that action and to pay the costs of defending the same. The provision of that contract which is under consideration here is that in case Boyer should defeat that action and prevent any recovery against the Davises therein, then the Davises would pay to him the entire amount prayed for by the Pacific Coast Casualty Company in that action; or if as the result of said action a lesser amount should be recovered than that claimed, the difference should be paid to Boyer by the Davises, such payment, as the case might be, to be

in settlement of what Boyer claimed was coming to him for his services previously rendered in other matters as well as for his services in the pending action.

Boyer defended the action of the *Pacific Coast Casualty Co. v. Davis,* and it resulted in favor of Davis, a judgment therein being entered in the superior court for his costs. Thereupon Boyer demanded that he be paid in accordance with the terms of the contract above recited. The Davises refused to pay him, and he brought this action against them without waiting for the determination of an appeal taken by the Casualty Company in the action in question.

There are other facts appearing in the transcript, but these are the only facts essential to the decision of the case.

The obvious claim that this action was prematurely brought must be sustained; for it is apparent that Boyer has not defeated the action he undertook to defend nor prevented a recovery therein until a final judgment on appeal has been obtained in favor of Davis, or until the case is otherwise finally determined in his favor, or by a judgment which shall have become final for a lesser amount than that prayed for in that action.

The judgment is reversed.

Kerrigan, J., and Lennon, J., concurred.