[Department Two.—March 28, 1883.]

# IN THE MATTER OF THE ESTATE OF H. S. DOR-LAND, Deceased, ALICE DORLAND, Administratrix, Appellant, and the Creditors, Respondents.

ADMINISTRATION—ATTORNEY—VALUE OF SERVICES.—In determining the value of services rendered by an attorney in the settlement of an estate, the opinions of professional witnesses are not binding on the court.

ID.—DIVIDEND TO CREDITORS—ERROR IN AMOUNT.—A dividend ordered to be paid to creditors being in excess of the amount in the hands of the administratrix, the cause was remanded with instructions to correct the error.

APPEAL from a decree of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The administratrix filed her annual account, and written objections thereto were interposed by the creditors.   Among the items objected to were certain credits for money purporting to have been paid to the attorney representing the administratrix for his services.   The witnesses testified that the services were worth the amount paid, but the court thought otherwise, and reduced the credits from five thousand and seventy-five dollars to one

thousand dollars. The additional facts are sufficiently stated in the opinion of the court. .

*J. C. Bates,* for Appellant.

*M. Lynch,* and *G. D. Shadburne,* for Respondents.

PER CURIAM.—The court below was not bound by the opinions of the professional witnesses as to the value of the services rendered by the attorney for the administratrix, and as to the proper amount to be allowed therefor. The court was authorized to compare its own judgment as to such value with the opinions of the witnesses, and make such allowance as should be just. (*Head* v. *Hargrave,* 105 U. S. 45; *Anthony* v. *Stinson,* 4 Kan. 211.)

The court charged the administratrix with a cash balance of $7,611.57. We see no error in this. The court permitted her to retain $2,930 for payment of expenses of administration. This left $4,681.57 with which to pay a dividend on claims. The court ordered a dividend of twenty-five per cent to be paid on claims, and in giving the names of claimants and the amounts to be paid for each, the aggregate is a trifle over $5,100. We apprehend that some confusion may have arisen in the clerical work of stating the amounts to be paid, and therefore the cause is remanded, with instructions to make such corrections as will make the aggregate of the sums to be paid as dividends not to exceed $4,681.57, and in all other respects the order and decree are affirmed.

Hearing in Bank denied.