[No. 9936.    Department One. — June 20, 1888.]

WILLIAM H. WEBB, RESPONDENT, v. ALBERTI
TRESCONY, APPELLANT.

APPEAL — UNDERTAKING. — Where there are several appeals in the same transcript, it is the general rule that there should be an undertaking on appeal for each order or judgment appealed from, and each appeal should be cited in the undertaking; but where there is in the same transcript and notice an appeal from a judgment, with an appeal from an order denying a motion for new trial, one three-hundred-dollar undertaking is, sufficient.

ATTORNEY AT LAW — BREACH OF CONTRACT FOR EMPLOYMENT — MEASURE OF DAMAGES. — When an attorney at law is employed to defend certain suits at an agreed price, and is discharged from employment without cause before the suits are concluded, having fully performed the contract upon his part until discharged, the measure of damages for breach of the contract of employment is the full contract price agreed upon by the parties.

APPEAL — PRESUMPTION — CONSOLIDATION OF ACTIONS. — When there is nothing in the record upon appeal in one action to show the nature of the cause of action in another case pending between the same parties in the court below, the presumption is that the court below ruled correctly in refusing to consolidate the actions.

NONSUIT — PARTNERSHIP — CONTRACT. — The existence of a partnership between plaintiff and another person is no ground of nonsuit, if it appears that the copartnership was not interested in the contract with defendant.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Hiram D. Tuttle,* for Appellant.

*N. A. Dorn, W. M. R. Parker,* and *R. W. F. Soto,* for Respondent.

PATERSON, J. —The appeal is from the judgment, and from an order denying defendant's motion for a new trial. Where there are several appeals in the same transcript, it is the general rule that there should be an undertaking on appeal for each order or judgment appealed from, and each appeal should be cited in the

undertaking; but where there is in the same transcript and notice an appeal from a judgment with an appeal from an order denying a motion for a new trial, one three-hundred-dollar undertaking is sufficient. (*Cochrane* v. *Desmond,* 71 Cal. 102.) The motion to dismiss the appeal is therefore denied.

The plaintiff is an attorney and counselor at law, and the complaint alleges that about May 1, 1882, the defendant employed him to defend certain suits in which the defendant herein was defendant, for which the defendant agreed to pay the plaintiff the sum of $950, and "that, in pursuance of the contract, plaintiff appeared for the defendant in each of said actions, and did all things necessary or proper for the defense of said actions and each of them up to the twenty-first day of May, A. D. 1883, on which date, without any cause whatever, the defendant discharged plaintiff from each of said actions, and took such proceedings that the above-entitled court duly made and gave an order discharging the plaintiff from each of said actions, and that by reason of the breach of said contract by the defendant, the plaintiff had been damaged in the sum of $950, the said contract price." The plaintiff recovered a judgment for the sum of $950 and costs.

The court instructed the jury as follows: "If you find from the evidence that the plaintiff and defendant entered into said contract as alleged in the complaint, and that plaintiff fully performed the covenants on his part until removed and discharged by defendant, and that plaintiff was not in fault, but was discharged without cause, then and in such case the measure of damages is deemed to be the full contract price agreed upon by the parties.

It will be observed that in the allegation and in the instruction the plaintiff's right of recovery is based upon the fact that he was discharged without cause. In *Baldwin* v. *Bennett,* 4 Cal. 392, it was said: " The general

rule as to the measure of damages in an action for a breach of contract is not the whole price agreed to be paid, but the actual loss sustained, which will consist of the value of the services rendered, and the damage sustained by the refusal to allow performance of the rest of the contract. To this rule there are, however, some exceptions. Where, from the nature of the contract, as in this case, no possible mode is left for ascertaining the damage, we will have presented the anomalous case of a wrong without a remedy, unless we adopt the only measure of damages which remains, and that is the price agreed to be paid. Without this justice would be defeated, and parties encouraged to violate other contracts of similar character. The defendant not only breaks his contract, but also deprives the plaintiff of showing the amount of injury under the general rule. He cannot complain that a different rule is invoked when it is the only one left to make him responsible for his want of good faith. (See also *Coffee* v. *Meiggs,* 9 Cal. 364; *Kersey* v. *Garten,* 16 Cent. L. J. 472; Weeks on Attorneys at Law, 582, 583, and cases cited; Civ. Code, sec. 3302.)

It is claimed that the court below erred in not consolidating this action with another action then pending between plaintiff and defendant. Conceding that section 1048 is mandatory, there is nothing in the record before us to show the nature of the cause of action in the case referred to. The presumption is, of course, that the court below, with the record in that case before it, ruled correctly.

Defendant's motion for a nonsuit was properly denied. Although the plaintiff had a partner at the time he entered into the contract with the defendant, it appears that his copartner was in no way interested in the contract with defendant.

Judgment and order affirmed.

SEARLS, C. J., and McKINSTRY, J., concurred.