[No. 15990.   Department One.—December 17, 1895.]

A. C. FREESE, ADMINISTRATOR, ETC., APPELLANT, v. JAMES C. PENNIE, JR., EXECUTOR, ETC., RESPONDENT.

ESTATES OF DECEASED PERSONS—ALLOWANCE OF ATTORNEY'S FEES—EXPERT WITNESSES—CONSENT OF HEIR.—Upon the allowance of attorney's fees in the probate court for services rendered to the administrator of a decedent, although the evidence of attorneys is competent, the trial court is not bound to fix the amount of the fee in accordance with their opinions; and where the allowance made is less than the estimate of any expert witness who testified, and was consented to by the attorney for the sole heir interested in the estate, it will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   WALTER H. LEVY, Judge.

The facts are stated in the opinion of the court.

*W. H. H. Hart*, and *J. D. Sullivan*, for Appellant.

*Naphtaly, Freidenrich & Ackerman,* and *H. G. Platt*, for Respondent.

GAROUTTE, J.—James C. Pennie, having acted as administrator *de bonis non* of the estate of Thomas H.

Blythe, deceased, from May, 1889, until his death in December, 1893, his executor, James C. Pennie, Jr., the defendant herein, was cited in this proceeding to account for his testator's administration of the estate of Blythe. In answer to this citation he rendered an account of such administration, in which he claimed a credit for his testator for fees paid and to be paid to Messrs. Naphtaly, Freidenrich & Ackerman, for legal services rendered in the matter of the estate of Blythe during the term of his testator's administration thereof. The only question as to the credit claimed related to the amount thereof, and that question was submitted to the court, on evidence of the services rendered by said legal firm, including expert testimony as to the value of such services. The court allowed and ordered paid from the estate of Blythe the sum of eighty thousand dollars, and this appeal is from that order.

There was no conflict of evidence, either as to the amount of the services or the value thereof. The disinterested expert witnesses as to the value of the services were all eminent attorneys at law, practicing in the city of San Francisco. The average of their estimates of the value of the services rendered by the aforesaid legal firm was about ninety thousand dollars, and the estimate of each of them was above eighty thousand dollars.

At the close of defendant's evidence on this issue Mr. W. H. H. Hart, attorney for Florence Blythe Hinckley, sole heir of Thomas H. Blythe, and Mr. Horace G. Platt, attorney for defendant, addressed the court as follows:

"*Mr. Hart.* I have had a conversation with Messrs. Naphtaly, Freidenrich & Ackerman with reference to the matter of their compensation, and they have stated to me that they will not make a claim for more than eighty thousand dollars; out of that sum they are to pay Mr. John A. Wright for services rendered by him during the Pennie administration, and also deduct from said sum the amount they have already received on account, and with that understanding, viz., that they are not to

make any greater claim than eighty thousand dollars in the aggregate, we do not care to submit any testimony contrary thereto."

. Mr. Horace G. Platt, attorney for defendant, stated: "That will be satisfactory to us."

Mr. J. D. Sullivan, attorney for the plaintiff, was present at the time these statements were made, but it does not appear that he said anything relating to the subject of them, or that he objected to Mr. Hart's proposal.

In their brief, counsel for appellant say: "If expert testimony is binding upon this court in cases of this character, then we are compelled to admit that the allowance of eighty thousand dollars to said attorneys for their services is not excessive." But plaintiff's counsel oppose the soundness of that principle, and upon their view and construction of the opinion of the court in the case of *Estate of Dorland*, 63 Cal. 281, contend that this court, regardless of the finding of the trial court, should review the evidence as to the value of the services rendered, and then compare its own judgment of their value with that of the expert witnesses, and thereupon make such allowance as may be considered just. We think that case does not go to the lengths here insisted upon, and the principle there declared does not apply to this court as an appellate court. The true rule is the one there announced, and that is, the trial court is not bound to fix the amount of the fee in accordance with the opinion of expert gentlemen, learned in the law. While such evidence is proper, and always admissible by way of assisting the court in arriving at a conclusion, it is not at all conclusive upon the trial court; and it is for that court to say, upon a consideration of all the evidence, taken in connection with its own best judgment, what would be a fair and just allowance for the services rendered. Attorneys are inclined to place a very high estimate upon the value of their services when rendered in important litigation; and, also, inclined to look with kindly eyes and sympathetic feelings upon the efforts of brother attorneys when engaged in establishing be-

fore the court the value of services performed in large
estates fortunate enough to possess well-filled coffers.
Under these conditions, when upon the witness-stand
as experts, they entertain most liberal views as to what
should be the amount of a brother attorney's allowance,
and hold large ideas as to the importance of the litiga-
tion in which he has been engaged. It is well, and it
is the law, that the court should temper this kind of
evidence with its own calm judgment, based upon the
amount and kind of labor performed, and to thereupon
make its decree. When a court has done this, this court,
as an appellate court, only has the right to interfere
with its judgment when a plain and palpable abuse of
its discretion (for it has a large discretion in such mat-
ters) has occurred.

While the fee allowed in the present case is a very
large one, still we think the judgment must stand. It
appears that the allowance made is less than the esti-
mate of any witness who testified, and such fact indicates
that the trial court did not consider itself absolutely
bound by the expert testimony presented. Under these
circumstances we cannot say that the allowance is clearly
and palpably too great. In addition, it appears that
the sole heir to the estate, by her counsel in open court,
at the trial, consented to an allowance of this amount.
Practically and substantially she is the only party inter-
ested in this litigation, for the amount of the fee must
come from her estate. The administrator is here as an
appellant, testing the validity of this decree, presump-
tively for his own security as a disbursing agent only.

For the foregoing reasons the judgment is affirmed.

VAN FLEET, J., concurred.

TEMPLE, J., concurring.—I concur in the judgment
on the ground last discussed by Mr. Justice Garoutte.
I do not think the learned judge of the probate court
could have used his own judgment as to the sum to be
allowed, for there is nothing in the record which would

justify as a matter of discretion the allowance of so large a sum. The court properly allowed the sum agreed to by the party who must pay it.

Courts have no right to be liberal with the money of other people, and should be careful that fees allowed for trust estates are no larger than would be paid for like services by those who are competent to contract for themselves.