[Civ. No. 4131.   Second Appellate District, Division Two.—January 23, 1924.]

LOUIS P. BOARDMAN, Respondent, v. ESTELLE C. CHRISTIN et al., Appellants.

[1] ATTORNEY AND CLIENT—DUTY OF GUARDIAN TO RENDER PROFESSIONAL SERVICES—AGREEMENT BY STRANGER TO PAY FEES—CONSIDERATION.—An order of court directing the guardian of a minor to bring an action to determine the extent of the rights of a third party to the waters from certain springs on the lands of said minor does not place said guardian under obligation, as an attorney at law, to render any professional services in that action; therefore, the agreement of said guardian to render such services constitutes a sufficient consideration for the agreement of a sister of said minor, who, as the owner of lands immediately adjoining those of the minor, is directly interested in the judgment to be obtained in such action, to pay said guardian "as attorney at law in the prosecution of such action on behalf of said minor, on account of attorney's fees . . . a sum of money equivalent to the amount which" the court might allow him as guardian in the prosecution of the action.

[2] ID.— CONSTRUCTION OF CONTRACTS. — In construing contracts between attorneys and clients concerning compensation, if there is any ambiguity as to the intent of the parties, that construction should be adopted which is most favorable to the client.

[3] ID.—IMPOSSIBILITY OF PERFORMANCE — COMPENSATION.—Plaintiff's contract having been an entire contract requiring plaintiff, as an attorney at law, to prosecute the action commenced on behalf and in the name of his minor ward to final judgment as a condition precedent to his right to recover the stipulated compensation, but such contract having become impossible of performance by reason of the fact that, before complete performance, the ward became of age and, as was his right, substituted other attorneys, plaintiff was not entitled to recover the stipulated compensation; but he was entitled to recover in *quantum meruit* the value of the services actually rendered by him.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin, L. M. Chapman and Ward Chapman for Appellants.

Philip C. Boardman for Respondent.

FINLAYSON, P. J.—This is an action by an attorney at law to recover compensation for services alleged to have been rendered by him under a contract with the defendant Estelle C. Christin, whose husband, C. A. Christin, is made a party defendant solely because, as the law stood when the action was commenced, the husband was required to be joined with the wife. Judgment passed for plaintiff and defendants appeal. The grounds of the appeal are that Mrs. Christin's promise to pay plaintiff is not supported by any consideration, and that plaintiff failed to perform the obligation of his contract.

The facts in brief are these: Mrs. Christin, *née* Estelle C. Porter, is the sister of Benjamin F. Porter, of whose estate plaintiff was the guardian when Mrs. Christin executed the contract in question. Plaintiff's appointment was made some time prior to February 16, 1912, and he continued to be such guardian until the ward attained his majority on September 24, 1916. Mrs. Christin and her brother each

3. Recovery on *quantum meruit* of attorney discharged without cause before completing service or before expiration of time for which he was employed, note, **L. R. A.** 1917F, 406.

own a parcel of land in the Rancho ex-Mission de San Fernando in Los Angeles County. The two parcels adjoin each other and each is contiguous to the right of way of the Southern Pacific Railroad Company. On February 16, 1912, the court in which the guardianship proceeding was pending made an order authorizing and directing plaintiff, as guardian of the estate of Benjamin F. Porter, to commence and prosecute such action as might be necessary to determine the right of the Southern Pacific Railroad Company and its successors to appropriate or use waters from the cienegas or springs on the Rancho ex-Mission de San Fernando. The order directed the guardian to procure a judgment establishing the amount of water which the railroad company and its successors were entitled to take, and to secure a final adjudication of the respective rights of the minor and of the Southern Pacific Railroad Company or its successors in and to the waters. Mrs. Christin, as the owner of the piece of land contiguous to the parcel owned by her brother, was interested in securing the entry of such judgment.

On June 5, 1912, Mrs. Christin, then Estelle C. Porter, executed the instrument whereby she promised to pay respondent. That document, so far as pertinent, reads: "Whereas, Louis P. Boardman, as the guardian of the estate of Benjamin F. Porter, a minor, has been authorized and directed by an order of the Superior Court of the County of Los Angeles . . . to commence and prosecute to final judgment an action in a court of proper jurisdiction to finally determine the right of the Southern Pacific Railroad Company, its successors or assigns, to use or appropriate any of the waters from the cienegas or springs on the Rancho ex-Mission de San Fernando . . . ; and whereas, as an owner of lands contiguous to the lands of said minor, constituting his said estate, and adjacent to the right of way of said Southern Pacific Railroad Company, I am interested with said minor in procuring a judgment determining the rights aforesaid, I do hereby agree to pay the said Louis P. Boardman, as attorney at law in the prosecution of said action on behalf of said minor, on account of attorney's fees and expenses of said action, a sum of money equivalent to the amount which shall be allowed to said Louis P. Boardman by the said superior court of the county of Los

Angeles, for his services and expenses rendered and incurred on behalf of said minor in said action, which amount to be so paid by me shall be in full payment of all services rendered and expenses to be incurred by the said Louis P. Boardman on my behalf in and about the prosecution of said action.''

Thereafter plaintiff, as guardian of the estate of the minor and pursuant to the order of court directing him so to do, caused an action to be commenced in the superior court for Los Angeles County, in the name of his ward, against the Southern Pacific Railroad Company and its successor, the Southern Pacific Company, to secure a judgment determining the respective rights of the minor and of the railroad companies in and to the waters of the above-mentioned springs and cienegas. The only parties to that action were the minor, suing by his guardian, and the two railroad companies. The guardian did not employ an attorney to represent him in the action. He himself is an attorney at law, and he elected to act as his own counsel in the case. He made preparations for the trial, but before the issues of fact were determined his ward attained his majority. Thereafter, and before the trial of the action, other counsel were substituted as attorneys for Benjamin F. Porter. Plaintiff thereupon filed his accounts as guardian and rendered to the court a statement of the nature and amount of the services performed by him in the action which he had brought on behalf of the ward. With his accounts he filed a report wherein he exhibited to the court the contract between him and Miss Porter. The court allowed plaintiff the sum of one thousand dollars for the services which, as guardian, he had performed in the action which he had caused to be brought by his ward. Thereupon plaintiff, deeming himself entitled to recover an equivalent sum from Mrs. Christin under the terms of her written promise, brought this action to recover from her the sum of one thousand dollars.

[1] We think there was sufficient consideration for Mrs. Christin's promise to pay respondent for his professional services. Because respondent, as guardian, was bound to commence and prosecute the action against the railroad companies when, as an attorney at law, he entered into the contract with Mrs. Christin, it is earnestly urged by

appellants that the case is within the doctrine that a promise to do what the promisor is already bound to do is not a consideration. It is conceded by respondent, as indeed it must be, that a promise by a party to do what he already is bound to do is of no value as a consideration to support a promise by the other party to the contract; for if the latter gets nothing in return for his promise but that to which he already is entitled, the consideration in so far as he is concerned is unreal. But that principle is not applicable to the facts of this case. Here, it is true, respondent, by reason of the court's order directing him to bring the action against the railroad companies, was, as guardian, legally bound to cause the action to be brought on behalf of his ward. But he was under no obligation, as an attorney at law, to render any professional services in that action. If we assume that the order commanding him to bring the action was not of itself sufficient authorization for the employment by him of counsel, and if we therefore further assume that, had he employed other counsel and the court in the guardianship proceeding had refused to make an allowance for counsel fees, he might have found himself in the predicament of having to pay the fees out of his own pocket, still no obligation rested upon him to do aught as an attorney at law in the case which he, as guardian, caused to be brought by his ward. Without in anywise violating the order of the court directing him, as guardian, to bring the action, and without in the least degree falling short of the full performance of his duties thereunder, respondent could have employed other counsel to render all the professional services required to be performed in the action. But Mrs. Christin evidently desired to have the professional services in that action performed by respondent, and not by someone else. Accordingly, though no duty rested upon respondent as guardian to render any services as an attorney at law, we find Mrs. Christin, in her contract with respondent, agreeing to pay him "*as attorney at law* in the prosecution of such action on behalf of said minor, *on account of attorney's fees* . . . a sum of money equivalent to the amount which" the court might allow respondent for his services as guardian in the prosecution of the action. It is not beyond the realm of possibility that Mrs. Christin was so impressed with what she con-

ceived to be respondent's superior attainments as a lawyer that she wanted him, and not some other attorney, to perform all the services as counsel in the action. But respondent, simply by reason of the order of court directed to him as guardian, was not bound to render such professional services. His performance of such services was, therefore, something which Mrs. Christin would not have received in any event by reason of the court's order. Indeed, but for his contract with Mrs. Christin respondent might have been unwilling to act as counsel in the case. For these reasons it is clear that his promise to Mrs. Christin to render services as an attorney at law was a sufficient consideration for the latter's promise to pay him for such services.

Has respondent fulfilled the obligation of his contract? And if he has not, is he entitled to recover the agreed compensation? We think it clear that the contract between respondent and Mrs. Christin contemplated that the former should prosecute his ward's action to final judgment. In section 2253 of Mechem on Agency (vol. 2, 2d ed.) the author says: "An attorney who is retained generally to conduct a legal proceeding is presumed, in the absence of anything to indicate a contrary intent, to enter into an entire contract to conduct the proceeding to its termination." There is nothing in the language of Mrs. Christin's contract tending to show that the parties contemplated any departure from this general presumption. On the contrary, the language of the contract points unerringly to the conclusion that Mrs. Christin was contracting for professional services which would eventuate in a judgment finally determining the rights of the respective parties litigant in and to the waters which were in controversy. The language of her contract is: "I am interested with said minor in procuring a judgment determining the rights aforesaid." It is difficult to conceive how she could have been benefited in any degree from the mere prosecution of an action in the name of her minor brother—an action to which she was not a party—unless it terminated in a judgment fixing the rights of the railroad companies and determining what amount of water, if any, they might take from the springs or cienegas. [2] The general rule is that in construing contracts between attorneys and clients concerning compensation if there is any ambiguity as to the intent of

the parties that construction should be adopted which is most favorable to the client. (*Pinto* v. *Seely*, 22 Cal. App. 326 [135 Pac. 43].)

[3] Though we are of the opinion that respondent's contract with Mrs. Christin was an entire contract and that it required full performance on respondent's part as a condition precedent to his right to recover the stipulated compensation in an action on the contract, we do not think he is entirely remediless. True, there is nothing in the record before us necessitating the conclusion that Mrs. Christin prevented performance before respondent had entirely fulfilled the obligations of his contract. But it is equally true that there is nothing to indicate that respondent's failure fully to perform his contract was due to any fault on his part. Both parties evidently supposed that in the ordinary course of events the litigation, inaugurated a little more than four years before the minor would reach his majority, would terminate in a final judgment during the guardianship. But the unexpected seems to have happened, with the result that respondent's guardianship came to an end before he could fully perform his contract with Mrs. Christin; and, of course, when the guardianship terminated the ward, who then was of age, was at liberty to choose his own counsel and to do that which he actually did do, viz., cause other attorneys to be substituted in the place and stead of this respondent. Under these circumstances, while he cannot recover the stipulated compensation in an action on his contract with Mrs. Christin, respondent is entitled to recover in *quantum meruit* the reasonable value of such services as he actually did perform under his contract. The rule is that when complete performance by an attorney of his contract of employment becomes impossible without fault on the part of either party, the attorney may recover in *quantum meruit* the value of the services actually rendered by him. (*Moore* v. *Robinson*, 92 Ill. 491; *Baird* v. *Ratcliff*, 10 Tex. 81; *Corson* v. *Lewis*, 77 Neb. 449 [114 N. W. 281]; Thornton on Attorneys, sec. 452; 6 C. J., p. 726, par. 297.) The complaint in this action is based, not on an implied *assumpsit* for the reasonable value of the services performed, but upon the express contract; and respondent seeks to recover the stipulated amount provided for in the contract. To entitle him to a recovery it will be necessary for him to amend his complaint so as to

allege an action for *quantum meruit* on Mrs. Christin's implied *assumpsit*.

The judgment is reversed and the cause is remanded, with directions to the lower court to allow respondent to amend his complaint if so advised.

Works, J., and Craig, J., concurred.