[L. A. No. 10025. In Bank.—November 30, 1927.]

WALLY A. KIRK, as Executrix, etc., Respondent, v. B. F. CULLEY, Appellant.

[1] ATTORNEY AND CLIENT — RIGHT TO DISCHARGE ATTORNEY—RULE—CONTINGENT FEES.—A client may at any time discharge an attorney, unless the attorney has a vested interest in the subject matter of the litigation. This is true not alone under the law of agency, but is supported also by a well-understood rule of public policy; and the existence of a contract for a contingent fee does not change the rule.

[2] ID.—PLEADINGS—ISSUES — INTRODUCING NEW ISSUES.—The issues made by the pleadings must be respected and followed unless by consent new issues are actually introduced, tried, and determined.

[3] ID.—CONTRACTS—LEGAL SERVICES—VARIANCE.—To plead a specific contract of employment calling for legal services at a fixed price and fully performed, then undertake to sustain it by proof of a contract for a contingent fee, a wrongful discharge of the attorney, and the later happening of the contingency, is to substitute an entirely new issue for the one pleaded, and such action, if allowed, would in all probability work an injustice to the defendant by prejudicing his right to defend against the extraneous issue.

[4] ID. — PERFORMANCE—EXCUSE FOR NONPERFORMANCE.—The rule is well understood that a recovery on proof of excuse for nonperformance cannot be had on an allegation of full performance.

———

1. Right of client to discharge attorney at will, note, 19 **Ann. Cas.** 592. See, also, 3 Cal. Jur. 629; 2 R. C. L. 957.

2. See 21 Cal. Jur. 257; 21 R. C. L. 603.

3. Settlement between client and adversary as affecting right of attorney to contingent fee, note, 18 **Ann. Cas.** 1115. See, also, 6 Cal. Jur. 484; 21 Cal. Jur. 259.

4. See 6 Cal. Jur. 449.

[5] ID.—PARTIAL PERFORMANCE OF CONTRACT BY ATTORNEY—WRONG-FUL DISCHARGE — DAMAGES.—An attorney upon his wrongful discharge under a partially performed contract may sue for damages, and in some instances the full contract price may be allowed as a measure of such damages.

[6] ID.—CONTRACT FOR CONTINGENT FEE—HAPPENING OF CONTINGENCY AFTER SUIT.—Where a contract employing an attorney in certain criminal actions provided for the payment to him of a certain additional sum in the event that the cases should be dismissed, and he was dismissed from the cases before the happening of the contingency, the fact that the cases were dismissed after the institution of a suit by him to recover his fees is not available to him, as the plaintiff's cause of action must have arisen before the filing of the complaint and he cannot recover on a cause of action arising after entry of suit and developed by the evidence only during the trial.

[7] ID.—APPEAL — FINDINGS — EVIDENCE — SECTION 4¾, ARTICLE VI, CONSTITUTION — SECTION 956A, CODE OF CIVIL PROCEDURE — POWER OF APPELLATE COURTS. — Under section number 4¾ of article VI of the constitution and section 956a of the Code of Civil Procedure, it was intended to broaden the powers of the supreme court and the district courts of appeal in the disposition of appeals in cases where a jury trial does not exist as a matter of right, or where, if the right does exist, it has been waived; and those courts are expressly authorized to make findings of fact contrary to, or in addition to, those made by the trial court, either upon the evidence heard in the trial court, or in the appellate court, under such rules as the supreme court may prescribe; and said courts may make and enter a proper judgment or direct that it be done in the trial court.

[8] ID.—ACTION FOR LEGAL SERVICES—QUANTUM MERUIT—FAILURE TO FIND REASONABLE VALUE OF SERVICES — FINDING ON APPEAL.—In an action to recover for legal services in which one count of the complaint is in *quantum meruit* and no finding of fact was made by the trial court as to the reasonable value of the services, but the record is complete as to the services rendered by the attorney prior to his wrongful discharge, it is unnecessary to take further

5. Remedy of attorney discharged without cause before completing services or before expiration of time for which he was employed, note, L. R. A. 1917F, 406. Extent of recovery by attorney wrongfully discharged, note, 6 L. R. A. (N. S.) 92. Amount or basis of recovery by attorney who takes case on contingent fee when client discontinues, settles, or compromises notes, 3 A. L. R. 472; 40 A. L. R. 1529. See, also, 3 Cal. Jur. 703; 2 R. C. L. 1048.

6. See 1 R. C. L. 340.

evidence, and the supreme court will enter a finding for the reasonable value of the services.

[9] ID. — VALUE OF LEGAL SERVICES — EXPERT EVIDENCE—POWER OF COURT.—In an action to recover the reasonable value of legal services, while expert testimony is admissible, it is not conclusive either upon the jury or trial court, which has the unquestioned power to fix the amount to be allowed without expert testimony; and the appellate courts now have the same power.

---

(1) 6 C. J., p. 673, n. 71.    (2) 31 Cyc., p. 680, n. 69.    (3) 6 C. J., p. 758, n. 35.    (4) 13 C. J., p. 753, n. 17.    (5) 6 C. J., p. 724, n. 10. (6) 1 C. J., p. 1149, n. 53.    (7) 4 C. J., p. 1185, n. 56, 57.    (8) 6 C. J., p. 760, n. 93.    (9) 4 C. J., p. 888, n. 68; 6 C. J., p. 763, n. 24.

APPEAL from a judgment of the Superior Court of Los Angeles County. John L. Fleming, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Lucien Gray for Appellant.

William Schreider for Respondent.

PRESTON, J.—This is a suit by plaintiff below, respondent's testate, an attorney at law, against the defendant below for a balance of $1,000 claimed as an attorney's fee. The complaint is in two counts, the first in special *assumpsit* on the contract of employment, alleging full performance thereunder, with the unpaid balance above stated due. The second count is in *quantum meruit* on the same transaction and for the same amount. The answer is a general denial with specific allegations admitting employment and certain services, but claiming full payment thereof by the sum of $350 admittedly received by the plaintiff.

The contract found by the court to exist between the parties is set forth in an unexecuted writing prepared by the attorney, which reads as follows:

---

9. Admissibility and necessity for expert evidence on question of value of attorney's services, notes, 20 Ann. Cas. 53; Ann. Cas. 1914D, 369. See, also, 3 Cal. Jur. 714; 2 R. C. L. 1061.

"Los Angeles, California, September 12, 1922.
"Messrs. B. F. Culley and Ovid D. Bohlen,
   "Black Building,
      "Los Angeles, California.
"Gentlemen:
"Re: People vs. B. V. Culley and Ovid D. Bohlen (Re: Indictments Nos. 18311 and 18491).

"In order to reduce our understanding regarding services and fees in the above entitled matters, the substance of our agreement is hereby set down in writing.

"In consideration of my services as the attorney for each of you, my fees are $350.00 each, to include preparation for trial now set for November 1st, 1922; These preliminary fees have been paid in full by each of you.

"For the trial of the above mentioned cases my charges are to be $250.00 in each case, from each of you, payable either during or before the termination of each of said trials or of the one trial should the cases be consolidated.

"Should these actions be dismissed against you at any time, before the commencement of the trial, during the trial or prior to the termination of the trial, or in the event of a verdict of acquittal, then it is agreed that my fee is to be a total of $1,000.00 from each of you. This fee will eliminate all other fees excepting the ones already paid. It is understood and agreed that each of you will, on or before November 1st, 1922, procure Cashiers' Checks, each payable to yourselves and endorsed in blank and deliver the same to William A. Schreider, Attorney at Law, in escrow with him, to be delivered to me unconditionally on the date said charges may be dismissed against each of you in any of the manners above set forth.

"E. E. KIRK

"E. E. KIRK

"I fully understand and agree to all of the terms of the above contract. Dated September 12, 1922.
      (not signed) ――――――――
                              "B. F. CULLEY.

"I fully understand and agree to all of the terms of the above contract. Dated September 12, 1922.
      (not signed) ――――――――
                              "OVID D. BOHLEN."

The gist of the findings in this connection is as follows: "That plaintiff had fully performed the contract on his part to be performed as attorney for defendant until his said discharge and was at all times ready, willing and able to continue and perform his contract and had it not been for said wrongful discharge, plaintiff could have obtained the dismissal of said defendant in said criminal actions without trial; that plaintiff was prevented from fully performing his contract in obtaining the discharge of the defendant in the criminal cases of said Culley and Bohlen by the acts of said Culley."

At the conclusion of plaintiff's case, defendant moved for a nonsuit upon the ground of material variance between the evidence adduced and the cause of action pleaded. This motion was denied. Some evidence was later introduced by the defendant, but nothing appeared to change the facts upon which the claim of variance was predicated. Judgment passed for plaintiff for the full amount claimed and defendant has appealed under the alternative method.

The claim that the evidence received and findings made thereon will not support the cause of action made by the pleadings must be sustained. [1] A client may at any time discharge his attorney, unless the attorney has a vested interest in the subject matter of the litigation. This is true not alone under the law of agency, but is supported also by a well understood rule of public policy. The existence of a contract for a contingent fee does not change the rule (*Todd* v. *Superior Court*, 181 Cal. 406, 413 [7 A. L. R. 938, 184 Pac. 684]; *Gage* v. *Atwater*, 136 Cal. 170, 174 [68 Pac. 581]; *Ayres* v. *Lipschutz*, 68 Cal. App. 134 [228 Pac. 720], rehearing denied by this court). [2] The issues made by the pleadings must be respected and followed unless by consent new issues are actually introduced, tried, and determined (*Commissioners* v. *Barnard*, 98 Cal. 199, 202 [32 Pac. 982]; *Rudel* v. *Los Angeles*, 118 Cal. 281, 286 [50 Pac. 400]; *Simmons* v. *Simmons*, 166 Cal. 438, 441 [137 Pac. 20]; *Crescent Lumber Co.* v. *Larson*, 166 Cal. 168 [135 Pac. 502]; *Frascona* v. *Los Angeles*, 48 Cal. App. 135, 138 [191 Pac. 968]; *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827]).

[3] To plead a specific contract of employment calling for legal services at a fixed price and fully performed, then

undertake to sustain it by proof of a contract for a contingent fee, a wrongful discharge of the attorney, and the later happening of the contingency, is to substitute an entirely new issue for the one pleaded and such action, if allowed, would in all probability work an injustice to the defendant by prejudicing his right to defend against the extraneous issue. [4] The rule is well understood that a recovery on proof of excuse for nonperformance cannot be had on an allegation of full performance (*Daley* v. *Russ,* 86 Cal. 114, 117 [24 Pac. 867]; *Pack* v. *Steinberg,* 163 Cal. 127, 133 [124 Pac. 834]; *Boardman* v. *Christin,* 65 Cal. App. 413, 418, 419 [224 Pac. 97]; *Estate of Warner,* 158 Cal. 441, 445 [111 Pac. 352]; *Kratzer* v. *Clark,* 178 Cal. 736; 739 [174 Pac. 657]; *Roche* v. *Baldwin,* 135 Cal. 522 [65 Pac. 459, 67 Pac. 903]).

In *Owens* v. *Meade,* 104 Cal.* 179, 181, 182 [37 Pac. 923], the court had before it practically the identical state of facts here involved, and in disposing of the question now before us said: "The contract alleged is that of an unconditional promise upon the part of defendant to pay to the assignor of plaintiff the sum of $1,000 for his services as an attorney in the prosecution of the action referred to in the complaint, while the evidence which the court held was relevant and sufficient, if believed, to warrant the jury in finding that the defendant made the alleged contract, was to the effect that the promise of defendant to pay was not unconditional, but contingent. There is a wide and essential difference between the two contracts, and proof of one will not support a finding that the other was made. The plaintiff's allegation of an absolute promise was not sustained by proof of the contingent promise, and evidence in relation to such contingent promise was not relevant to the issues made by the pleadings."

[5] It is true that an attorney upon his wrongful discharge under a partially performed contract may sue for damages and in some instances the full contract price may be allowed as a measure of such damages (*Webb* v. *Trescony,* 76 Cal. 621 [18 Pac. 796]), but in the case at bar plaintiff below did not elect to avail himself of this right of action.

[6] There is no substance available to respondent in the finding that the indictments were actually dismissed after institution of the present suit and before a trial

thereof was had. A plaintiff's cause of action must have arisen before the filing of the complaint (*Landis* v. *Morrissey,* 69 Cal. 83, 86, 87 [10 Pac. 258]; *Lewis* v. *Fox,* 122 Cal. 244, 252 [54 Pac. 823]; *Morse* v. *Steele,* 132 Cal. 456, 458 [64 Pac. 690]; *Cuneo* v. *Davis,* 36 Cal. App. 351 [171 Pac. 1079]; *Boardman* v. *Christin, supra*). Plaintiff may not recover on a cause of action arising after entry of suit and developed by the evidence only during the trial (*Johnson* v. *Moss,* 45 Cal. 515, 518; *Mondran* v. *Goux,* 51 Cal. 151, 152; *Owen* v. *Meade, supra*; *Kredo* v. *Phelps,* 145 Cal. 526, 529 [78 Pac. 1044].) The judgment as applied to the first count was therefore unwarranted and may be disregarded.

[7] Addressing ourselves to the second count of the complaint, it seems appropriate at this time to make the first exercise of the power conferred upon this court by the recent amendment to our constitution and the statutory enactment designed to put such power so conferred into practical operation. A new section, numbered $4\frac{3}{4}$, was added to article VI on November 2, 1926, which reads as follows: "In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the legislature may grant to any court of appellate jurisdiction the power, in its discretion, to make findings of fact contrary to, or in addition to, those made by the trial court. The legislature may provide that such findings may be based on the evidence adduced before the trial court, either with or without the taking of additional evidence by the court of appellate jurisdiction. The legislature may also grant to any court of appellate jurisdiction the power, in its discretion, for the purpose of making such findings or for any other purpose in the interest of justice, to take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and to give or direct the entry of any judgment or order and to make such further or other order as the case may require."

Later and on July 29, 1927, there became effective section 956a of the Code of Civil Procedure as follows: "In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the supreme court or a district court of appeal may make findings of fact contrary to, or in addition to, those made by the trial court. Such findings may be based on the evidence adduced before

the trial court either with or without the taking of evidence by the court of appellate jurisdiction, pursuant to such rules as the supreme court may prescribe.

"The said courts of appellate jurisdiction may, for the purpose of making such findings or for any other purpose in the interest of justice, take, pursuant to such rules, additional evidence of or concerning facts occurring at any time prior to the decision of the appeal and may give or direct the entry of any judgment or order and make such further or other order as the case may require. This section shall be liberally construed to the end, among others, that wherever possible causes may be finally disposed of by a single appeal and without further proceedings in the trial court, except where the interest of justice requires a new trial."

These provisions are plain and intended to be effective in broadening the powers of this court and the district court of appeal in the disposition of appeals in cases where a jury trial does not exist as a matter of right, or where, if the right does exist, it has been waived. We are thereby expressly authorized to "make findings of fact contrary to, or in addition to, those made by the trial court." We may base such findings either upon the evidence heard in the court below or may on our own account, under such rules as we may prescribe, take additional evidence on any fact occurring at any time prior to the disposition of the appeal. Likewise, we may make and enter a proper judgment ourselves or direct that it be done in the trial court.

[8] It will be noted that under the second count of the complaint in this action a proper cause of action in *quantum meruit* is set forth. It is also apparent that no findings of fact thereunder were made by the trial court as to the reasonable value of the legal services rendered by the plaintiff below to defendant. With a finding upon this subject the cause is in proper condition for this court to make or direct the judgment that shall be entered and the cause thereby finally determined. It is unnecessary to take further evidence, and it is, therefore, unnecessary to await the effective date of the rules upon this subject promulgated by this court. The record is complete as to the services rendered by the attorney, plaintiff below, prior to his wrongful discharge by the defendant. [9] It has many times been held and is a sound principle of law that a trial judge

in a court of record, who must himself be an attorney at law, has the power, independent of testimony as to value, to appraise the legal services shown by the record in the cause before him to have been rendered. This is the necessary deduction from many cases, among which are the following: *Estate of Dorland,* 63 Cal. 281, which involved the determination of the value of services rendered by an attorney in the settlement of the estate. Witnesses testified that the services were worth the amount paid, but the court below thought otherwise and reduced the credits from $5,075 to $1,000. In upholding the action of the court below, this court said: "The court below was not bound by the opinions of the professional witnesses as to the value of the services rendered by the attorney for the administratrix, and as to the proper amount to be allowed therefor. The court was authorized to compare its own judgment as to such value with the opinions of the witnesses, and make such allowance as should be just. (*Head* v. *Hargrave,* 105 U. S. 45 [26 L. Ed. 1028, see, also, Rose's U. S. Notes]; *Anthony* v. *Stinson,* 4 Kan. 211.)"

*Estate of Straus,* 144 Cal. 553, 557, 558 [77 Pac. 1122, 1123], where the court said: "As to attorney's fees: The court . . . had before it sufficient data from which to determine what would in all probability be a reasonable compensation and the amount to be retained by the executor sufficient to meet its payment. It was not necessary that any evidence of a professional nature should have been introduced upon this subject. All the proceedings in the estate and all matters in which the executor could have enlisted or required the services of an attorney were before the court, and from these the court of its own knowledge and experience could determine what would be a reasonable fee. (*Estate of Dorland,* 63 Cal. 281; *Freese* v. *Pennie,* 110 Cal. 469 [42 Pac. 978].)"

While expert testimony is clearly admissible, it is not conclusive either upon the jury or the trial court, which has "the unquestioned power to fix the amount to be allowed for attorneys' fees, without, and independent of, expert testimony." (*Estate of Dorland, supra; Spencer* v. *Collins,* 156 Cal. 298, 307. [20 Ann. Cas. 49, 104 Pac. 320]; *Zimmer* v. *Kilborn,* 165 Cal. 523, 525 [Ann. Cas. 1914D, 368, 132 Pac. 1026]; *Estate of Duffill,* 188 Cal. 536, 552 [206 Pac.

42]. See, also, *Reid* v. *Warren Imp. Co.*, 17 Cal. App. 746, 748 [121 Pac. 694], and *Kendrick* v. *Gould*, 51 Cal. App. 712, 718 [197 Pac. 681].)

If the trial court may make an appraisal and adjudication of value of such services, it must be presumed that appellate courts possess like power and ability so to do. In this cause the contract found to exist between the parties throws additional light on the value of such legal services. The contract provided that in the event of trial of the cause in the ordinary way, without regard to the result thereof, the compensation of the attorney was to be the additional sum of $250 in each case, or $500 as a total in both cases.

The court, after a consideration of the evidence, hereby makes additional and supplemental findings of fact as follows: That the reasonable value of the legal services performed by plaintiff below for the defendant between June 1, 1922, and November 1, 1922, was and is the sum of $850, and that the sum of $350 has been paid thereon and the balance due and unpaid on account of such services was and is the sum of $500.

The judgment is general in its terms and could apply to either count. It may stand with proper modifications when supported by the finding here made as to the issues under the second count and a reversal becomes unnecessary.

It is therefore ordered that the judgment be modified so as to read as follows: "It is ordered and adjudged that plaintiff have and recover of and from the defendant the sum of Five hundred (500) Dollars, with interest thereon at the rate of seven per cent from November 1, 1922, together with his costs and disbursements expended in this action which are hereby fixed at $13.10."

As so modified the judgment is affirmed, the appellant to recover his costs on appeal.

Richards, J., Shenk, J., Curtis, J., and Seawell, J., concurred.