[L. A. No. 10026. In Bank.—November 30, 1927.]

WALLY A. KIRK, as Executrix, etc., Respondent, v. OVID L. BOHLEN, Appellant.

[1] ATTORNEY AND CLIENT — ACTION FOR SERVICES — FINDINGS—EVI-
DENCE. — In this action to recover for legal services, it is held
upon the same grounds and for the same reasons as set forth in
*Kirk* v. *Culley, ante,* p. 501, that the evidence received and
findings made thereon do not support the cause of action made
by count one of the complaint in special assumpsit on the con-
tract of employment, but as to the second count in *quantum
meruit,* on the same transaction and for the same amount a proper
cause of action is set forth, and as the record is complete as to
the services rendered prior to the wrongful discharge of the
plaintiff, but no findings of fact as to the reasonable value of
such services were made by the trial court, under said second
count, the supreme court will find the value of the services and
order judgment accordingly.

(1) 4 C. J., p. 1185, n. 56.

APPEAL from a judgment of the Superior Court of
Los Angeles County. John L. Fleming, Judge. Modified
and affirmed.

The facts are stated in the opinion of the court.

Ray W. Bruce for Appellants.

William Schreider and Claude Morton for Respondent.

PRESTON, J.—Plaintiff below, respondent's testate, an
attorney at law, was employed by defendant below and one
B. F. Culley to perform legal services for said parties in
connection with certain criminal charges filed against them.
At the time of employment defendant and said Culley each
paid plaintiff a fee of $350, but later, and prior to dis-
missal of the charges against them, they dispensed with his
services, whereupon he brought this action to recover from
defendant an alleged balance of $1,000 due him under his
contract of employment and brought a like action against
said Culley for recovery of the same sum. The pleadings
in the two actions are practically identical and in the court

below said actions were consolidated and heard on the same evidence. (*Kirk* v. *Culley, ante,* p. 501 [261 Pac. 994].)

At the conclusion of plaintiff's case defendant moved for a nonsuit upon the ground of material variance between the evidence adduced and the cause of action pleaded. This motion was denied. Some evidence was later introduced by defendant, but nothing appeared to change the facts upon which the claim of variance was predicated. Judgment was rendered in favor of plaintiff in both cases, and defendants appealed under the alternative method.

[1] Upon the same grounds and for all the reasons set forth in said case of *Kirk* v. *Culley, supra,* the court in this cause holds that the evidence received and findings made thereon do not support the cause of action made by count one of the complaint in special assumpsit on the contract of employment, but as to the second count in *quantum meruit* on the same transaction and for the same amount a proper cause of action is set forth. The record is complete as to the services rendered by the attorney, plaintiff below, prior to his wrongful discharge by defendant, but no findings of fact as to the reasonable value of such services were made by the trial court under said second count. Findings upon this subject will place the cause in proper condition for this court to make or direct the judgment to be entered therein. After a consideration of the evidence and by reason of the authority conferred upon it by section 4¾, article VI of the constitution, and section 956a of the Code of Civil Procedure, this court therefore makes the following additional and supplemental findings of fact:

That the reasonable value of the legal services performed by plaintiff below for defendant between June 1, 1922, and November 1, 1922, was and is the sum of $850, and that the sum of $350 has been paid thereon and the balance due and unpaid on account of such services was and is the sum of $500.

The judgment is general in its terms and could apply to either count. It may stand with proper modification when supported by the finding here made as to the issues under the second count and a reversal becomes unnecessary.

It is therefore ordered that the judgment be modified so as to read as follows: "It is ordered and adjudged that plaintiff have and recover of and from the defendant the

sum of five hundred (500) dollars, with interest thereon at the rate of seven per cent from November 1, 1922, together with his costs and disbursements expended in this action, which are hereby fixed at $13.10.''

As so modified the judgment is affirmed, the appellant to recover his costs on appeal.

Curtis, J., Richards, J., Shenk, J., and Seawell, J., concurred.