[L. A. No. 11918. In Bank.—December 5, 1929.]

BENJAMIN ELCONIN, Appellant, v. WILLIAM YALEN et al., Respondents.

Benjamin Elconin and Geo. D. Higgins for Appellant.

J. S. Garnett and V. H. Koenig for Respondents.

Ralph. H. Lewis, George L. Popert, V. L. Hatfield, Martin I. Welsh and W. H. Hatfield, *Amici Curiae.*

PRESTON, J.—In this action, brought by plaintiff to recover fees alleged to be due for services rendered by him as an attorney at law on behalf of defendants in the matter of negotiating for settlement or instituting and prosecuting a suit on account of certain personal injuries and damages sustained by defendant William Yalen, the judgment is hereby affirmed. In the following statement of the case may be found the ground upon which we base our conclusion:

Plaintiff, by the first count of his amended complaint, alleged an oral contract with defendants whereby he was to render all necessary services for them in the matter of said claim, receiving as consideration therefor, one-third of any sum accepted by them in settlement thereof or one-third of any judgment obtained and collected in the event of institution of suit, exclusive of court costs. He further alleged the following fact, established by the evidence; that after an unsuccessful attempt to effect a settlement, he filed suit on behalf of defendants and caused the case to be set for trial, after which he was discharged by them; that a judgment in their favor was subsequently obtained in the sum of $5,000, which they compromised for $4,500. He therefore prayed that one-third of the sum so received by defendants, or $1500, plus costs in amount of $15.90, be awarded him.

His second cause of action was on a common count alleging an indebtedness of $1546.90 for services rendered and costs, which sum was a reasonable charge therefor. Said amount, $1546.90, included, in addition to said $1500 and $15.90, an item of $31 which plaintiff also sought to recover and which he alleged by the third count of said amended complaint, covered the amount due him for legal services rendered defendants and costs advanced in their behalf in a justice's court action. Said items of $31 and $15.90, totaling $46.90, are not disputed and no dissatisfaction is expressed with that portion of the judgment awarding plaintiff said sum.

The answer of defendants was a general denial, denying the existence of any contract with plaintiff, any agreement for payment of a one-third contingent fee, or any indebtedness whatsoever to him. Upon the trial, however, defendants testified to the existence of an oral contract whereby they had employed plaintiff, but they denied that the terms thereof were as alleged by him or that they had ever entertained his proposal that they pay him one-third of any sum recovered. That is, they claimed that said contract, with respect to plaintiff's fee, provided for payment to him of ten per cent of the sum recovered in the event of settlement without suit or twenty per cent of any judgment obtained and collected in event of settlement after trial.

From the judgment entered in his favor for the sum of $346.90, plaintiff appealed. As above stated, the item of $46.90 is conceded, but appellant attacks strenuously that portion of said judgment awarding him only $300 for his said services rendered in said matter. In this behalf he contends that the judgment is contrary to the evidence and that the findings upon which it is based are likewise inconsistent and not supported by the evidence.

We cannot accede to this claim. The court found that "plaintiff and defendants entered into an oral contract," whereby it was understood that "plaintiff would render his legal and professional services in the matter of negotiating for settlement or the institution and prosecution of a suit" in said matter. This finding has full support in the evidence. Both parties virtually admitted and the correspondence between them which was introduced in evidence showed that they in fact made an oral contract

whereby plaintiff was to represent them in matters pertaining to said damage claim.

But the court further found, and this finding likewise has full support in the evidence, that defendants did not agree to pay plaintiff one-third of any sum accepted by them as settlement of said cause or one-third of any judgment obtained and collected; that by reason of plaintiff's failure to accept the offer made by defendants to pay him ten per cent on settlement before trial or twenty per cent of recovery on or after trial for his services, "there was no agreement by or between said parties for any specific sum or compensation to plaintiff therefor, whereby he became and is entitled only to reasonable compensation for such services as he rendered"; that $1500 was not a reasonable sum therefor but that $300 was and is the reasonable value of the services so rendered by plaintiff to defendants.

In other words, the evidence proves clearly a valid oral contract of employment between the parties; in this respect the minds of the parties met and they were in complete accord, but it also shows plainly that no agreement was ever reached between them as to the compensation to be paid plaintiff for his services thereunder.

█ Had there been included in said contract a provision as to plaintiff's compensation, such provision upon his wrongful discharge, would have measured the amount of his recovery. (*Kirk* v. *Culley,* 202 Cal. 501 [261 Pac. 994]; *Webb* v. *Trescony,* 76 Cal. 621 [18 Pac. 796].)

Said contract, however, lacking any provision whatsoever by which to measure plaintiff's compensation, he was entitled to recover the reasonable value of said services admittedly rendered by him, before his discharge by defendants. (*Gage* v. *Atwater,* 136 Cal. 170, 173 [68 Pac. 581]; *Buck* v. *City of Eureka,* 124 Cal. 61 [56 Pac. 612]; *Young* v. *Bruere,* 78 Cal. App. 127 [248 Pac. 301].) This issue as to *quantum meruit* was squarely presented by the second count of said amended complaint, alleging $1500 as a reasonable charge for said services, and was determined by the trial court in accordance with the averments thereof, except as to the reasonable value, which was found to be $300 instead of $1500. █ This was a finding well supported by the evidence and within the power of the trial court to make. The court had before it detailed evidence as to the nature

and extent of the services rendered and was empowered to use his own experience and judgment as to the reasonable value thereof, with or without the aid of testimony of witnesses as to value (*Kirk* v. *Culley, supra; Estate of Duffill,* 188 Cal. 536 [206 Pac. 42]; *Estate of Strauss,* 144 Cal. 553 [77 Pac. 1122]; *Spencer* v. *Collins,* 156 Cal. 298 [20 Ann. Cas. 49, 104 Pac. 320]).

It is our conclusion that both findings and judgment are consistent and amply supported by the evidence and that a review of the record compels affirmance of the action of the trial court, as first herein announced.

Richards, J., Seawell, J., Shenk, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.