[Civ. No. 9959.  First Appellate District, Division One.—December 1, 1936.]

L. C. GREEN, Respondent, v. MAXWELL A. SHERRITT, Appellant.

[Civ. No. 10080.  First Appellate District, Division One.—December 1, 1936.]

L. C. GREEN, Appellant, v. MAXWELL A. SHERRITT, Respondent.

Courtney L. Moore and Francis P. Walsh for Appellant Green.

Keyes & Erskine for Appellant Sherritt.

GRAY, J., *pro tem.*—The complaint, in two alternative counts, sought the recovery, upon an assignment, of $10,000 as compensation for legal services performed by Courtney L. Moore as attorney for defendant Maxwell A. Sherritt. The first count alleged that defendant, by a written contract, had employed Moore to defend him in a pending action until final judgment for a fee of $10,000; that Moore had fully performed his services and that a judgment of dismissal had been entered in that action on the same day on which the present complaint had been filed. The second count alleged that defendant had employed Moore to defend him in such action and that Moore had performed legal services of a reasonable value of $10,000. In answer to the first count defendant denied an absolute promise to pay a fee of $10,000, and Moore's performance of the contract. He further affirmatively pleaded the terms of the contract and the circumstances under which the judgment of dismissal was obtained and, upon this basis, alleged that Moore was entitled only to a reasonable fee, to be fixed by mutual agreement, which had not yet been done, but that such fee was $1,000. As to the second count, the answer denied that the services rendered were of a reasonable value of $10,000 or any sum in excess of $1,000. A jury awarded plaintiff the sum of $7,500. Both parties appeal from the judgment

entered on this verdict. Defendant claims that the judgment must be reversed because there is a fatal variance between allegation and proof and because the present action was prematurely brought. Plaintiff contends that the court erred in denying his motion for a directed verdict awarding the full contract fee of $10,000.

The evidence discloses the following facts: The action which Moore was employed to defend had been commenced previously by defendant's divorced wife to set aside a property settlement and to compel him to account for $50,000. In it, injunctions had issued impounding all of his assets in that amount. He had been represented by an attorney who had withdrawn on the third day of trial when an affidavit of poverty made by defendant in support of a preliminary motion was proven false by a broker's record which showed his then ownership of stocks. During a continuance granted defendant to enable him to get another attorney, he, after negotiations with Moore, executed the contract of employment. As to compensation, the contract provided that Moore was to receive, upon dissolution of the injunctions, $10,000 in money or in the securities impounded, or, if a judgment ordering an accounting was rendered and such accounting showed that defendant was not indebted in an amount equal to the securities impounded, Moore was entitled to a reasonable fee to be determined by mutual agreement. Before the resumption of the trial Moore and an assistant spent ten days in the study of the case and the preparation of a defense. On its resumption Moore after lengthy arguments was permitted to so amend the answer as to plead a new defense to the effect that the court should not set aside the property settlement, even if collusive, because it had been fully executed, and he was also allowed to reopen plaintiff's cross-examination. The actual trial consumed ten days and was followed by the preparation of exhaustive briefs. Thereafter the court orally directed defendant to account for $27,000 in bonds and $47,000 in cash, but upon Moore's insistence required findings before signing an interlocutory judgment. Due to the difficulty of their preparation, findings were never presented to the judge and so no interlocutory judgment was ever granted. The trial judge and opposing counsel each testified that Moore had

skilfully and ably handled a complicated case. The latter felt that they had lost the case because the property settlement had not been annulled. The judge further testified that he had ordered the accounting solely because he was not satisfied with defendant's testimony that he had given $27,000 of bonds to plaintiff.

During the following six months the parties, at first through their respective attorneys as intermediaries and later directly between themselves, discussed a settlement. Through her attorney, whom she changed during the negotiations, plaintiff offered at different times to settle for $20,000 and $10,000 but defendant countered by an offer of $5,000. At her request defendant called upon plaintiff, and then renewed his offer of $5,000 which she agreed to consider. Defendant then arranged with his bank to pay plaintiff $5,000 upon her delivery of a dismissal and other papers necessary to a termination of the litigation, and caused the bank to notify her to that effect. Plaintiff's attorney continuously advised Moore as to the progress of the proposed settlement. Upon Moore's repeated inquiries defendant admitted the pendency of the negotiations but was secretive and evasive as to their progress and as to the amount involved. Moore prepared certain papers in connection with the settlement but was not permitted to directly participate therein. On June 6, 1934, Moore was advised that plaintiff had accepted defendant's offer of settlement and the present complaint was filed. However the settlement was not consummated by a deposit of the necessary papers until the next day.

The first count of the complaint pleaded a written contract in which defendant absolutely promised to pay a definite fee of $10,000. Under the contract in evidence, the attorney's fee was payable upon the happening of either of two contingencies. Moore was entitled to $10,000 if as the result of his services the injunctions were dissolved, or a reasonable fee to be determined by mutual agreement if a judgment of account was granted and an accounting showed that defendant was indebted in an amount less than the value of the impounded securities. The evidence further shows that Moore's performance and the happening of either contingency was prevented by defendant's compromise. As defendant claims, there is therefore a fatal variance between

the allegations of the first count and the proof. (*Kirk* v. *Culley,* 202 Cal. 501 [261 Pac. 994].) However, proof of the contingent contract and defendant's compromise support a recovery in *quantum meruit* as pleaded in the second count. (*Brown* v. *Crown Gold Milling Co.,* 150 Cal. 376 [89 Pac. 86] ; *Lessing* v. *Gibbons,* 6 Cal. App. (2d) 598 [45 Pac. (2d) 258] ; *Hall* v. *Orloff,* 49 Cal. App. 745 [194 Pac. 296] ; *Boardman* v. *Christin,* 65 Cal. App. 413 [224 Pac. 97].)

The authorities are divided as to the proper measure of an attorney's recovery when a client's compromise prevents the happening of the contingency upon which a specified fee is payable. Some hold that he can recover the specified fee but others hold that he is entitled only to the reasonable value of his services. (3 A. L. R. 472, 491; 40 A. L. R. 1529, 1539; Thornton on Attorneys at Law, vol. 2, p. 807; 6 C. J. 745.) In *Baldwin* v. *Bennett,* 4 Cal. 392, an attorney, who had been employed for a fee contingent upon recovery of property, was held entitled to recover the full amount of the fee where the client settled the case. Upon the authority of this case, an attorney who had been employed at an agreed price to defend certain cases, but who was discharged without cause before the conclusions of the suits, was held in *Webb* v. *Trescony,* 76 Cal. 621 [18 Pac. 796], entitled to the full contract price. ''It is true that an attorney upon his wrongful discharge under a partially performed contract may sue for damages and in some instances the full contract price may be allowed as a measure of such damages (*Webb* v. *Trescony,* 76 Cal. 621 [18 Pac. 796] ), but in the case at bar plaintiff below did not elect to avail himself of this right of action.'' (*Kirk* v. *Culley, supra,* at p. 506.) ''Had there been included in said contract a provision as to plaintiff's compensation, such provision upon his wrongful discharge would have measured the amount of his recovery. (*Kirk* v. *Culley,* 202 Cal. 501 [261 Pac. 994] ; *Webb* v. *Trescony,* 76 Cal. 621 [18 Pac. 796].)'' (*Elconin* v. *Yalen,* 208 Cal. 546, 549 [282 Pac. 791].) ''It is clear that plaintiff was discharged by the defendant without cause and before the full measure of service contemplated by the written agreement had been performed. Under these conditions, plaintiff would not be required to allege or prove the reasonable value of the services, which he was

not permitted to perform, but would be entitled to recover the full amount called for in the contract. (*Countryman* v. *California T. Co.,* 35 Cal. App. 728 [170 Pac. 1069].)'' (*McCully* v. *Gano,* 116 Cal. App. 695, 698 [3 Pac. (2d) 348].)

At the conclusion of the testimony plaintiff moved for a directed verdict on the ground that the evidence showed the restraining orders had been released; that a judgment of dismissal had been entered and that defendant had settled the litigation. Obviously it was directed to the first cause of action, which sought a recovery upon performance of the contract, and not to the second count in *quantum meruit.* The motion was based upon the incorrect legal assumption that plaintiff was entitled to the fee because the contingency upon which its maturity depended had occurred through the defendant's compromise which had procured the release of the restraining orders and the judgment of dismissal. It did not assert that plaintiff was entitled to the full amount of the specified fee because that was the correct measure of damages to be applied under the count in *quantum meruit.* The motion was properly denied and plaintiff cannot now claim that its denial resulted in the application of an erroneous measure of damages. If plaintiff had desired that the jury be instructed as to this measure of recovery he should have submitted such instruction.

The present complaint was filed the day before the accounting action was settled. Therefore, as defendant argues, plaintiff's cause of action had not yet accrued and this action was prematurely brought. (*Bartlett* v. *Odd Fellows Sav. Bank,* 79 Cal. 218 [21 Pac. 743, 12 Am. St. Rep. 139]; *Cuneo* v. *Davis,* 36 Cal. App. 351 [171 Pac. 1079].) But it does not follow, as he further argues, that the judgment must be reversed for that reason. ''It is well settled that the plea that an action has been prematurely brought is in the nature of a dilatory plea which must be specially pleaded in order to be available as a defense. (*Realty & Rebuilding Co.* v. *Rea,* 184 Cal. 565, 573 [194 Pac. 1024]; *Bemmerly* v. *Woodward,* 124 Cal. 568 [57 Pac. 561].)'' (*Verbeck* v. *Clymer,* 202 Cal. 557, 562 [261 Pac. 1017].) ''The rule has long been settled that the defense that an action is premature is in the nature of dilatory plea

not favored in the law, and that such defense must be seasonably urged in the trial court or it is waived." (*Seches* v. *Bard,* 215 Cal. 79, 81 [8 Pac. (2d) 835].) The answer does not contain any plea that the action was premature and therefore this defense was waived. (*Bemmerly* v. *Woodward,* 124 Cal. 568 [57 Pac. 561].)

The judgments are affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 31, 1936.