[Civ. No. 19754.  Second Dist., Div. One.  Dec. 21, 1953.]

B. LEVENSTEIN, Appellant, v. SONJA HENIE et al.,
Respondents.

Morton B. Harper and Morton R. Goodman for Appellant.

Scudder & Forde and Guy Richards Crump for Respondents.

DORAN, J.—This is an appeal from the judgment.

Plaintiff's assignor is an attorney and the action herein is for attorneys' fees.  Plaintiff was awarded $2,473.75.  Plaintiff's appeal is based "upon three specific points, to-wit: First, the finding by the trial court that only five and three-fourths (5¾) hours were reasonably required by plaintiff's assignor in traveling to and from, and rendering legal services at Chicago, Illinois; Second, the failure of the trial court to allow any reimbursement for expenses incidental to such travel other than airplane fare to and from Chicago, Illinois; and, Third, the finding of the trial court that $25.00 per hour is a reasonable fee for legal services rendered by plaintiff's assignor, this appeal being not only as to the finding by the court as to reasonable value, but also the failure of the trial court to distinguish between the value of the hours devoted by plaintiff's assignor to defendants' interests within the Los Angeles area and the value of hours devoted outside of the Los Angeles area, with particular reference to services rendered in Chicago, Illinois."

The court found as a fact that "The total number of hours reasonably required by the plaintiff's assignor to render said services is 85¾ hours, of which time 80 hours were performed in the State of California and 5¾ hours in the State of Illinois."

It is contended that, I. "The finding by the trial court that only 5¾ hours were reasonably required to render the legal services rendered in the state of Illinois is contrary to the evidence, is manifestly error, and constitutes an abuse of judicial discretion;" II. "The failure of the trial court to allow any reimbursement for expenses incidental to travel to and attendance at Chicago ignores the evidence and constitutes an abuse of judicial discretion" and that, III. "The trial court erred in finding that the total reasonable value of the legal services rendered is the sum of $2,143.75, based on compensation computed at $25.00 per hour."

In effect appellant argues that the decision of the trial court constitutes an abuse of discretion.

Respondent argues on the contrary that "Appellant seems to be under the impression that because Sonja Henie 'is a highly successful performer and theatrical producer . . . with an admitted annual capital investment of one-half million dollars' that Mr. Harper's services have a greatly increased value.

"The truth is that most of his services consisted in filling out printed forms of contracts for the signature of skaters and other artists.

"There were other services performed, but none we submit, that are not adequately compensated by the $25.00 per hour awarded by the trial court. Especially is this so as much of the work was of a nature which could have been performed by a legal secretary or clerk."

In support of the foregoing respondents quote from *Freese* v. *Pennie*, 110 Cal. 467, 469 [42 P. 978], as follows:

"Attorneys are inclined to place a very high estimate upon the value of their services when rendered in important litigation; and, also, inclined to look with kindly eyes and sympathetic feelings upon the efforts of brother attorneys when engaged in establishing before the court the value of services performed in large estates fortunate enough to possess well-filled coffers. Under these conditions, when upon the witness stand as experts, they entertain most liberal views as to what should be the amount of a brother attorney's allowance, and hold large ideas as to the importance of the

litigation in which he has been engaged. It is well, and it is law, that the court should temper this kind of evidence with its own calm judgment, based upon the amount and kind of labor performed, and to thereupon make its decree. When a court has done this, this court, as an appellate court, only has the right to interfere with its judgment when a plain and palpable abuse of its discretion (for it has a large discretion in such matters) has occurred.''

The evidence was conflicting but, as pointed out by respondent, ''the trial court had before it detailed evidence of the nature and extent of the services rendered.'' Inasmuch as there is substantial evidence to support the findings, the trial court's judgment in this regard is final. A review of the record reveals no prejudicial errors and in particular there is no evidence of an abuse of discretion.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied January 11, 1954.